IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 2021-cv-

KATHERINE SCHLOTE,

    Plaintiff,

v.

SECURA INSURANCE COMPANY a/k/a
SECURA INSURANCE HOLDINGS, INC.;
SECURA SPREME INSURANCE COMPANY and
SECURA INSURANCE, A MUTUAL COMPANY,

    Defendants.

## NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

TO:    PLAINTIFF, KATHERINE SCHLOTE, AND HER ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that on the 30th day of March, 2021, the Defendants, Secura Insurance Company a/k/a Secura Insurance Holdings, Inc., Secura Supreme Insurance Company and Secura Insurance, a Mutual Company (hereinafter "Secura"), filed in the United States District Court for the District of Colorado its Notice of Removal of this action to that Court.

This action was commenced by Plaintiff on January 25, 2021, in the Arapahoe County District Court, Case No. 2021CV30090.  *See Complaint with Jury Demand*, attached to this Notice as **Appendix A-3.** Plaintiff's claim constitutes a civil action for which this Court has original jurisdiction under 28 U.S.C. Section 1332(a), as there is diversity

between the parties and the amount in controversy exceeds $75,000.  Therefore, this action is removable from the District Court, City and County of Denver, State of Colorado, to this Court under 28 U.S.C. Section 1441(a).  In accordance with 28 U.S.C. Section 1446(b), the notice of removal shall be filed within 30 days after service or other receipt of the Complaint.  Plaintiff served Defendant with the Complaint on or about March 9, 2021.  A copy of the Return of Service is attached as **Appendices A-4 and A-5.** Accordingly, this notice is timely filed.

This action arises out of Plaintiff's claims made under an insurance policy issued by Secura for an automobile accident that occurred on or about August 26, 2016.  *See, Plaintiff's Complaint*, Appendix A-3, at Paragraphs, 4, 6, 10.  Plaintiff, Katherine Schlote claims she is entitled to payment for underinsured motorist (UIM) benefits from Secura after settling for the policy limits with the tortfeasor for the automobile accident, Sean P. Cannon.  *Id*. at Paragraphs 19 and 20.

A. **Damages in Excess of $75,000.00**.

Although Plaintiff does not allege the exact amount of damages sought in her Complaint, the following averments are sufficient to satisfy the jurisdictional amount of $75,000.00, in this case:

1. Secura gave consent, as requested for Plaintiff to settle her claim against the tortfeasor. *See, Plaintiff's Complaint*, Appendix A-3, at Paragraphs, 18-19.

2. The UM/UIM coverage under the Secura policy is $500,000.00.  *See, Plaintiff's Complaint*, Appendix A-3, at Paragraph 7; *see also Appendix B-2*.

3. Plaintiff has admitted that she seeks over $100,000.00, in UIM benefits by such admission being noted on Plaintiff's Civil Cover Sheet dated January 15, 2021. *See, District Court Civil Cover Sheet*, **Appendix A-2**. The state court civil coversheet is an "other paper" from which the amount in controversy can be determined. ***Paros Props, LLC v. Colo. Ca. Ins. Co.***, 835 F. 3d 1264, 1272 (10th Cir. 2016).

4. Despite receipt of bodily injury policy limits received from the tortfeasor, Sean Cannon, totaling $300,000.00, Plaintiff continues to claim that her injuries and damages were not fully compensated by the tortfeasor, by the filing of her Complaint on January 15, 2021, and service of same upon Secura on March 9, 2021. *See, Appendix A-2, A-3, A-4 and A-5*.

5. Plaintiff claims additional injury and damages by alleging causes of action against Secura for bad faith breach of the insurance contract, violation of C.R.S. Section 10-3-1115 and 1116, and common law bad faith under C.R.S. 10-3-1104. While Plaintiff's entitlement to damages are disputed, these claims to such damages demonstrate that the amount in controversy exceeds $75,000.00. The Tenth Circuit ruled that the damages recoverable under C.R.S. Sections 10-3-1115 and 1116 include any amount a claimant is due under the insurance contract plus a statutory penalty of an additional two times the covered benefit owed as well as attorney's fees and costs. ***Home Loan Inv. Co. v. St. Paul Mercury Ins. Co.***, 827 F. 3d 1256, 1263 (10th Cir. 2016).

6	Although Secura disputes that Plaintiff's claimed injuries and damages are in excess of the tortfeasor's bodily injury limits, for a total of $300,000.00 already paid to Plaintiff, and further disputes that Plaintiff is entitled to any damages for an alleged bad faith breach of the insurance contract, violations of C.R.S. Sections 10-3-1115 and 1116 and/or common law bad faith under C.R.S. Section 10-3-1104, the fact remains that Plaintiff has alleged that she is seeking damages against Secura in excess of $75,000.00.

7.	Accordingly and based upon the foregoing, Secura has provided sufficient proof that the amount in controversy exceeds the requirement for diversity jurisdiction under 28 U.S.C. § 1332.

B.	**Diversity Between the Parties**.

Diversity of citizenship exists between the parties.  According to the allegations of Plaintiff's Complaint, Plaintiff is now, and was at the commencement of this action, a citizen of, and domiciled in, the State of Colorado.  As further proof of Plaintiff's residence and domicile in the State of Colorado, attached is Plaintiff's Voter Registration Card, with an address of 9878 Bayou Ridge Trail, Parker Colorado 80134.  *See, Voter Registration Card of Plaintiff*, attached as **Appendix B-1.**

Defendant, Secura, is now, and was at the time of the commencement of this action, a citizen of the State of Wisconsin.  At all relevant times, Defendant, Secura, has been incorporated in the State of Wisconsin, with its principal place of business located at 1500 Mutual Way, Neenah, WI 54956, P. O. Box 819, Appleton, Wisconsin 54912.  *See, Insurance Declarations*, attached as **Appendix B-2.**

As of the date of the filing of this Notice of Removal, there has been no entry of judgment (default or otherwise) against Secura in the state court. The Answer to Plaintiff's Complaint and Jury Demand will be filed within the time permitted by the applicable rule.

Pursuant to D.C. COLO.LCivR 81.1, attached as **Appendix A** are the following copies of the docket sheet from the Alamosa County District Court, as well as all other pleadings that have been filed in the State Court. These include the following:

1. Docket Sheet from State Court.
2. District Court Civil Cover Sheet.
3. Complaint with Jury Demand.
4. Delay Reduction Order dated January 15, 2021.
5. Return of Service dated March 9, 2021 – Secura Insurance, a mutual Company.
6. Return of Service Dated March 9, 2021 – Secura Supreme Insurance Company.
7. Delay Reduction Order dated March 22 2021.
8. Notice of Removal to United States District Court.

Also attached as **Appendix B** are the following:

1. Voter Registration Documentation for Plaintiff.
2. Insurance Declarations between Plaintiff and Defendant.

*See* Appendices, attached hereto as **Appendices A-1, A-2, A-3, A-4, A-5, A-6, A-7 and A-8; and B-1, B-2.** Secura states that no hearings have been set in the state court as of

this date.

Pursuant to D.C. COLO.LCivR 3.1, a properly completed Civil Cover Sheet is filed contemporaneously with this Notice of Removal.

WHEREFORE, Plaintiff's claims constitute a civil action for which this Court has original jurisdiction under 28 U.S.C. Section 1332(a), and diversity of citizenship exists between the parties; therefore, this action is removable from the District Court, City and County of Denver, State of Colorado under 28 U.S.C. Section 1441(a).

DATED this 30th day of March, 2021.

Respectfully submitted,

By: *s/ Elaine K. Stafford*
L. Kathleen Chaney
Elaine K. Stafford

**LAMBDIN & CHANEY, LLP**
4949 S. Syracuse Street, Suite 600
Denver, Colorado 80237
Telephone: (303) 799-8889
Facsimile: (303) 799-3700
E-mail: kchaney@lclaw.net; estafford@lclaw.net
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of March, 2021, a true and correct copy of the foregoing **NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO** was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Thomas J. Tomazin, Esq.
Tomazin Hillyard & Clor, LLP
4643 S. Ulster Street, Suite 1200
Denver, CO  80237
tom@TheDenverInjuryLawFirm.com


By:  *s/ Elaine K. Stafford*
L. Kathleen Chaney
Elaine K. Stafford

**LAMBDIN & CHANEY, LLP**
4949 S. Syracuse Street, Suite 600
Denver, Colorado 80237
Telephone: (303) 799-8889
Facsimile:  (303) 799-3700
E-mail: kchaney@lclaw.net; estafford@lclaw.net
*Attorneys for Defendants*