| | |
|---|---|
| DISTRICT COURT, COUNTY OF ARAPAHOE, STATE OF COLORADO<br><br>Court Address:  7325 S. Potomac Street<br>　　　　　　　　　 Centennial, CO 80112<br>　　　　　　　　　 (303) 649-6355 | DATE FILED: January 15, 2021 11:43 AM<br>FILING ID: 8FBDF295F5CAF<br>CASE NUMBER: 2021CV30090 |
| **Plaintiff:**　　 KATHERINE SCHLOTE<br><br>**v.**<br><br>**Defendant:**　 SECURA INSURANCE COMPANY a/k/a SECURA INSURANCE HOLDINGS, INC., SECURA SUPREME INSURANCE COMPANY and SECURA INSURANCE, A MUTUAL COMPANY | ▲ COURT USE ONLY ▲ |
| *Attorney for: Plaintiff:*<br>Thomas J. Tomazin, Esq., #5941<br>Tomazin Hillyard & Clor, LLP<br>4643 S. Ulster Street, Suite 1200<br>Denver, CO 80237<br>Phone:  (303) 771-1900<br>Fax:　　 (303) 793-0923<br>Email:  tom@TheDenverInjuryLawFirm.com | Case No:<br><br><br>Division: |
| **COMPLAINT** | |

**KATHERINE SCHLOTE**, ("Plaintiff"), by and through her attorney, Tomazin Hillyard & Clor, LLP for her Complaint against SECURA INSURANCE COMPANY a/k/a SECURA INSURANCE HOLDINGS, INC., SECURA SUPREME INSURANCE COMPANY and SECURA INSURANCE, A MUTUAL COMPANY ("Secura"), alleges and avers as follows:

## GENERAL ALLEGATIONS

　　　1.　　 Plaintiff is a resident and citizen of the State of Colorado with her principal residence located at 9878 Bayou Ridge Trail, Parker, Colorado 80134.

　　　2.　　 Secura Insurance Company a/k/a Secura Insurance Holdings, Inc., Secura Supreme Insurance Company and Secura Insurance, A Mutual Company ("Secura"), is a foreign corporation licensed to do business in the State of Colorado and can be found doing business and servicing claims of its insured in Arapahoe County, Colorado.

3.      Venue is proper in the Court pursuant to C.R.C.P. 98(c)(1).

4.      The subject matter of this civil action involves a motor vehicle collision which occurred 1584 feet south of intersection of South Santa Fe Drive and West Brewery Lane, which location is in Arapahoe County, State of Colorado.

5.      Sean P. Cannon ("Cannon") was a resident of the State of Colorado whose principal residence at the time of the collision in question was 1155 Marine Street, Apt. #208, Boulder, Colorado 80302.

6.      At the time of the collision, Plaintiff was the driver of a 2011 Toyota Venza Sport Utility Vehicle. The Toyota Venza was owned by Plaintiff's husband, Michael Schlote. Plaintiff purchased a policy of automobile insurance through one of Secura's local agents. The policy specifically insured the 2011 Toyota Venza Sport Utility Vehicle. The policy number is PX 267 98 26.

7.      Under this policy of insurance, Secura contracted to provide Plaintiff with Uninsured Motorist Coverage pursuant to C.R.S. § 10-4-609(4) in an amount of $500,000.00 per person/$500,000.00 per accident.

8.      This policy remained current and in effect during all time periods relevant to the allegations of this Complaint.

9.      Prior to the collision, Plaintiff paid an insurance premium to Secura for the under insured coverage and policy of insurance. Secura accepted the premium payment with the promise that it would provide the coverages stated in the policy of insurance and in accordance with the requirements of Colorado law.

10.      On August 22, 2016 at approximately 5:26 p.m., Plaintiff was driving her Toyota Venza vehicle on southbound on Santa Fe Drive. Plaintiff's vehicle was stopped for the traffic ahead.

11.      At the same time and location, Cannon was traveling southbound on Santa Fe Drive immediately behind the Plaintiff's vehicle. Cannon was driving a 2013 Jeep Wrangler Sport Utility Vehicle. As the Cannon vehicle approached the Plaintiff's vehicle, Cannon failed to stop his vehicle causing extensive damage as a result of the rear-end collision. The police officer who investigated the collision, Officer Geiser indicated in the State of Colorado Traffic Accident Report that Cannon got distracted by the vehicle traveling next to him and collided with the Plaintiff's vehicle.

2

12.     Cannon operated his vehicle in a negligent and/or careless manner causing the front portion of his vehicle to collide with the rear portion of the Plaintiff's vehicle which impact caused the Plaintiff to suffer severe and permanent injuries and damages.

13.     As a direct and proximate result of Cannon's negligence and/or carelessness, as described above, Plaintiff suffered multiple contusions, bruises, and other and further related injuries to her muscular, skeletal, nervous and psychic systems.

14.     As a direct and proximate result of Cannon's negligence and/or carelessness, Plaintiff has suffered permanent injuries and has incurred reasonable and necessary medical expenses in excess of $350,000.00 to date.

15.     As a direct and proximate result of the negligence and/or carelessness of Cannon, Plaintiff has in the past endured pain and suffering and will in the future endure pain and suffering; has incurred the services of doctors, nurses and hospitals and will in the future incur the services of doctors, nurses and/or hospitals; has been required to obtain medicines, medical equipment, and will in the future be required to obtain medicines, and/or medical equipment; has in the past and will in the future suffer a permanent physical impairment; has in the past suffered the loss of enjoyment of a full and complete life and continues to suffer a loss of enjoyment of a full and complete life all to her damage in an amount to be determined at the time of trial.

16.     Cannon was insured through Geico Insurance Company for limits of liability of $300,000.00 per person/$300,000.00 per accident.

17.     Under the policy provisions of Secura's under insured motorist vehicle coverage, Cannon was an "under insured" driver as Plaintiff's economic and non-economic damages exceed Cannon's limits of liability under his Geico Insurance policy.

18.     Pursuant to Secura's policy requirement, Plaintiff asked for Secura's consent to settle her claim against Cannon.

19.     Secura gave consent for Plaintiff to settle her claim against Cannon for the sum of $300,000.00. On January 23, 2019, Plaintiff finalized the settlement of her claim against Cannon.

20.     Since Plaintiff's damages exceed $300,000.00, Plaintiff made a claim for benefits under the underinsured motorist coverage of her Seura policy.

21.     Since the claim against Cannon has been resolved, Plaintiff is not naming Cannon as a Defendant in her underinsured motorist action against Secura.

22.     If Secura believes it is necessary to name Cannon as a party to this civil action, Plaintiff reserves the right to do so.

## FIRST CLAIM FOR RELIEF
### (Negligence-UIM Claim)

Plaintiff incorporates and makes a part of this first claim for relief each and every paragraph of the General Allegations.

1.     Cannon had a duty to exercise reasonable care in the operation of his motor vehicle upon the public roadways of the State of Colorado.

2.     Cannon breached this duty by colliding his vehicle into the rear portion of the Plaintiff's vehicle.

3.     As a direct and proximate result of the negligence of Cannon, Plaintiff has been injured and suffered economic and non-economic damages as indicated above.

**WHEREFORE**, Plaintiff prays following the Fifth Claim for Relief.

## SECOND CLAIM FOR RELIEF
### (Declaratory Relief - UIM Claim Against Secura)

In addition to and as a Second Claim for Relief, Plaintiff incorporates and makes a part of this claim for relief each and every paragraph of the General Allegations and the First Claim for Relief.

1.     Pursuant to C.R.C.P. 57, Plaintiff requests this court to determine her rights under the uninsured motorist coverages in the contract of insurance referenced above and to find that the benefits are payable in full.

**WHEREFORE,** Plaintiff prays following the Fifth Claim for Relief.

4

### THIRD CLAIM FOR RELIEF
### (Breach of Contract - UIM Claim Against Secura)

In addition to and as a Third Claim for Relief, Plaintiff incorporates and makes a part of this claim for relief each and every paragraph of the General Allegations, First Claim and Second Claim for Relief.

1.      Plaintiff has complied with all conditions precedent to coverage under the insurance policy issued by Secura to Plaintiff.

2.      To the extent that Plaintiff has failed to comply with any of the contractual obligations, Secura has not been prejudiced by the failure to comply.

3.      Secura has breached its contract of insurance with Plaintiff by denying or failing to pay the uninsured motorist benefits to which Plaintiff is entitled under the contract.

4.      As a direct and approximate result of Secura's breach of contract, Plaintiff has incurred economic and non-economic damages in an amount to be determined at the time of trial.

**WHEREFORE,** Plaintiff prays following the Fifth Claim for Relief.

### PLAINTIFF'S FOURTH CLAIM FOR RELIEF
### (Bad Faith Breach of Insurance Contract)

Plaintiff incorporates and makes a part of this claim for relief each and every paragraph of the General Allegations, First Claim and the Second Claim and Third Claim for Relief.

1.      As a provider of insurance services to the public, Secura at all times had a duty to be actuated by good faith and fair dealing in everything pertaining thereto, abstain from deceptive or misleading practices, and keep, observe and practice the principles of law and equity in all matters pertaining to the business of insurance.

2.      Under Colorado law, every insurance contract contains an implied covenant of good faith and fair dealing and imposes on insurers a duty to act in good faith with their insured. Pursuant to its implied duty of good faith and fair dealing, Defendant owed to Plaintiff an obligation to treat Plaintiff's interests with equal consideration to its own interests.

3.　　Secura has breached its duty of good faith and fair dealing owed to Plaintiff, including, but not limited to:

a. When investigating Plaintiff's claims, failing to diligently search for evidence that supported their insured's (Plaintiff's) claims;
b. Seeking to discover only evidence that defeated its insured's (Plaintiff's) claims;
c. Unreasonably delaying and/or withholding benefits under the insurance policy without a reasonable basis for delaying and/or withholding benefits, with knowledge or reckless disregard of a lack or reasonable basis for delaying and/or withholding benefits;
d. Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurance policy;
e. Refusing to pay claims without conducting a reasonable investigation based upon all available information;
f. Failing to respond to reasonable requests for information from its insured;
g. Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims after its liability has become reasonably clear;
h. Compelling Plaintiff to institute litigation to recover amounts due under the insurance policy;
i. Forcing Plaintiff into the costly and lengthy process of litigation;
j. Failing to conduct a thorough and complete evaluation of Plaintiff's claim;
k. Any further acts which may be discovered.

4.　　Secura's conduct was unreasonable, and Secura either knew such conduct was unreasonable or recklessly disregarded the fact that the conduct was unreasonable.

5.　　As a result of the breach of the duty of good faith and fair dealing, Plaintiff suffered additional damages and injuries including, without limitation, foregoing medical treatment due to Secura's unreasonable delay.

**WHEREFORE,** Plaintiff prays following the Fifth Claim for Relief.

## PLAINTIFF'S FIFTH CLAIM FOR RELIEF
### (Violation of C.R.S. 10-3-1115(1)(A) and C.R.S. 10-3-1116(1))

Plaintiff incorporates and makes a part of this claim for relief each and every paragraph of the General Allegations, First Claim and the Second Claim and Third Claim and Fourth Claim for Relief.

1.      Secura's delay and denial of Plaintiff's claim for underinsured motorist benefits was unreasonable.

2.      Pursuant to C.R.S. 10-3-1116(1), Plaintiff is entitled to reasonable attorney's fees and two times the covered benefit.

**WHEREFORE,** Katherine Schlote requests this Court to enter Judgment in favor of Plaintiff and against Secura Insurance Company a/k/a Secura Insurance Holdings, Inc., Secura Supreme Insurance Company and Secura Insurance, a Mutual Company in an amount to be determined at the time of trial. Additionally, Plaintiff requests this Court to enter Judgment for her and against Secura for interest as provided by law, court costs, expert witness fees and such other relief as this Court may deem just and proper.

Respectfully submitted this 15th day of January 2021.

Tomazin Hillyard & Clor, LLP

*This document was filed via CCE e-file system.*
*The originally signed copy is on file at the offices*
*of Tomazin Hillyard & Clor, LLP*

*/s/  Thomas J. Tomazin*
Thomas J. Tomazin, Esq. #5941

Plaintiff's Address:
9878 Bayou Ridge Trail
Parker, Colorado 80134

*In accordance with C.R.C.P. 121 §1-26(9), a printed copy of this document with original signature(s) is maintained by Tomazin Hillyard & Clor, LLP, and will be made available for inspection by other parties or the Court upon request.*