IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-00912

KATHERINE SCHLOTE,

      Plaintiff,

v.

SECURA INSURANCE COMPANY a/k/a
SECURA INSURANCE HOLDINGS, INC.;
SECURA SUPREME INSURANCE COMPANY and
SECURA INSURANCE, A MUTUAL COMPANY,

      Defendants.

## ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND

Defendant, Secura Insurance Company a/k/a Secura Insurance Holdings, Inc., Secura Supreme Insurance Company and Secura Insurance, a Mutual Company (hereinafter "Secura"), by and through its attorneys, Lambdin & Chaney, LLP, answers Plaintiff's Amended Complaint stating as follows:

### GENERAL ALLEGATIONS

    1.    Admitted upon information and belief.

    2.    Admitted.

    3.    Admitted that venue may be proper in the County of Arapahoe, State of Colorado pursuant to C.R.C.P. 98(c); however, the matter was also properly removed to U. S. District Court, State of Colorado.  *See, Notice of Removal.*

    4.    Admitted.

5. Denied for lack of information and belief.

6. Admitted.

7. Admitted that at the time of the collision on August 22, 2016, Ms. Schlote was insured under a policy of insurance issued by Secura, which included underinsured motorist coverage with limits of $500,000.00 per person/$500,000.00, subject to the terms, conditions and exclusion of said policy and Colorado law.

8. Admitted, subject to the terms, conditions and exclusions of the insurance policy and Colorado law.

9. The allegations of this paragraph are conclusory, to which no response is required. To the extent a response is required, admitted that at the time of the collision on August 22, 2016, Ms. Schlote was insured under a policy of insurance issued by Secura, which included underinsured motorist coverage with limits of $500,000.00 per person/$500,000.00, subject to the terms, conditions and exclusion of said policy and Colorado law.

10. Admitted upon information and belief.

11. Admitted that the tortfeasor, Sean Cannon, was traveling southbound on Santa Fe Drive and collided with the rear of Plaintiff's vehicle. The remaining allegations of this paragraph, whether express or implied, are denied and/or denied for lack of information and belief.

- 3 -

12. Admitted that Plaintiff was involved in an accident with the tortfeasor, Sean Cannon on August 22, 2016. The remaining allegations of this paragraph, whether express or implied, are denied and/or denied for lack of information and belief.

13. Denied.

14. Denied.

15. Denied.

16. Admitted.

17. The allegations of this paragraph are conclusory and/or call for a legal conclusion to which no response is required. To the extent a response is required the same are denied and/or denied for lack of information and belief.

18. Admitted.

19. Admitted.

20. Admitted that Plaintiff made a claim for underinsured motorist benefits under her policy of insurance with Secura, subject to the terms, conditions and exclusions of the policy and Colorado law.

21. The allegations of this paragraph are conclusory to which no response is required. To the extent a response is required, the same are denied for lack of information and belief.

22. The allegations of this paragraph are conclusory to which no response is required. To the extent a response is required, the same are denied for lack of information and belief.

## FIRST CLAIM FOR RELIEF
**(Negligence-UIM Claim)**

Secura incorporates its responses to the above allegations as if set forth in full.

1. The allegations in this paragraph constitute a legal conclusion to which no response is required. To the extent a response is required, Colorado law dictates the duties owed among the parties. Denied to the extent this allegation is incomplete or otherwise misstates all the law fully applicable to this case.

2. Denied for lack of information and belief.

3. Denied.

## SECOND CLAIM FOR RELIEF
**(Declaratory Relief – UIM Claim Against Secura)**

Secura incorporates its responses to the above allegations as if set forth in full.

1. The allegations of this paragraph are conclusory and/or call for a legal conclusion to which no response is required. To the extent a response is required, such allegations are denied to the extent they are incomplete or otherwise misstate all the law fully applicable to this case.

## THIRD CLAIM FOR RELIEF
**(Breach of Contract – UIM Claim Against Secura)**

Secura incorporates its responses to the above allegations as if set forth in full.

1. Denied.

2. Denied                    .

3. Denied.

- 5 -

4.     Denied

## FOURTH CLAIM FOR RELIEF
### (Bad Faith Breach of Insurance Contract)

Secura incorporates its responses to the above allegations as if set forth in full.

1.     The allegations in this paragraph constitute a legal conclusion to which no response is required.  To the extent a response is required, Colorado law dictates the duties owed among the parties.  Denied to the extent this allegation is incomplete or otherwise misstates all the law fully applicable to this case.

2.     The allegations in this paragraph constitute a legal conclusion to which no response is required.  To the extent a response is required, such allegations are denied to the extent they are incomplete or otherwise misstates all the law fully applicable to this case.

3.     Denied, as to paragraph 3 and all sub-parts (a) through (k).

4.     Denied.

5.     Denied.

## FIFTH CLAIM FOR RELIEF
### (Violation of C.R.S. 10-3-1115(1)(A) and C.R.S. 10-3-1116(1))

Secura incorporates its responses to the above allegations as if set forth in full.

1.     Denied.

2.     Denied.

- 6 -

## FIRST DEFENSE

Some or all of Plaintiff's claims fail to state a claim upon which relief can be granted, in that Plaintiff has not yet proven her legal entitlement to underinsured motorist benefits under the terms, conditions and exclusions of the insurance policy or under Colorado law, particularly with respect to whether Plaintiff's claims and damages exceed the bodily injury policy limits of the tortfeasor.

## SECOND DEFENSE

Plaintiff's claims are limited by the terms, provisions, limitations, conditions and exclusions of the insurance contract and/or Plaintiff's failure to comply with such terms, provisions, limitations, conditions and exclusions of the insurance contract.

## THIRD DEFENSE

Plaintiff's claimed injuries, damages and/or losses are, in whole or in part, either pre-existing or the result of subsequent injuries unrelated to the within motor vehicle accident.

## FOURTH DEFENSE

Plaintiff may have failed to reasonably mitigate her damages, if any, as required by law.

## FIFTH DEFENSE

Plaintiff's claimed injuries or damages, if any, may have been caused by the conduct or negligence of others for whom this Defendant is not responsible or over whom this Defendant has no control.

## SIXTH DEFENSE

Plaintiff's' claims for UIM benefits may be barred, in whole or in part, unless and until Plaintiff meets her burden of proof that Plaintiff is legally entitled to UIM benefits, including but not limited to the cause and extent of injury and damages. C.R.S. § 10-4-609(1)(a); **Sunahara v. United Fire Mut. Auto. Ins. Co.**, 280 P.3d 649 (Colo. 2012); **Briggs v. Am. Family Mut. Ins. Co.,** 833 P.2d 859 (Colo. App. 1992).

## SEVENTH DEFENSE

Plaintiff's claims against this answering Defendant may be barred pursuant to the provisions of 3 CCR 702-5:5-1-14, Section 4(A)(1) and Colorado Division of Insurance Regulation 5-1-14.

## EIGHTH DEFENSE

Defendant is entitled to a set-off from any verdict, settlement, judgment and/or liability payment by the underlying tortfeasor(s.

## NINTH DEFENSE

Defendant is entitled to a credit from any verdict, settlement and/or judgment of any amounts that have or may be advanced by Defendant to Plaintiff.

## TENTH DEFENSE

This answering Defendant reserves the right to withdraw or add additional defenses, as warranted by discovery that is ongoing in this matter.

- 8 -

WHEREFORE, Defendant, Secura Insurance Company a/k/a Secura Insurance Holdings, Inc., Secura Supreme Insurance Company and Secura Insurance, a Mutual Company, having fully answered Plaintiff's Complaint, prays for judgment in its favor and against Plaintiff, dismissing Plaintiff's Complaint with prejudice, together with costs, expert witness fees, interest and for such other and further relief as the Court deems proper.

**DEFENDANT DEMANDS A TRIAL TO A JURY OF SIX (6) ON ALL ISSUES SO TRIABLE**

DATED this 30th day of March, 2021.

Respectfully submitted,

By: *s/ Elaine K. Stafford*
L. Kathleen Chaney
Elaine K. Stafford

**LAMBDIN & CHANEY, LLP**
4949 S. Syracuse Street, Suite 600
Denver, Colorado 80237
Telephone: (303) 799-8889
Facsimile: (303) 799-3700
E-mail: kchaney@lclaw.net; estafford@lclaw.net
Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of March, 2021, a true and correct copy of the foregoing **ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND** was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Thomas J. Tomazin, Esq.
Tomazin Hillyard & Clor, LLP
4643 S. Ulster Street, Suite 1200
Denver, CO  80237
tom@TheDenverInjuryLawFirm.com


By: *s/ Elaine K. Stafford*
L. Kathleen Chaney
Elaine K. Stafford

**LAMBDIN & CHANEY, LLP**
4949 S. Syracuse Street, Suite 600
Denver, Colorado 80237
Telephone: (303) 799-8889
Facsimile:  (303) 799-3700
E-mail: kchaney@lclaw.net; estafford@lclaw.net
*Attorneys for Defendants*